# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0185
Lower Tribunal No. F09-40014
_____

**Bernard Gyden,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Bernard E. Gyden, in proper person.

James Uthmeier, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY, and GORDO, JJ.

PER CURIAM.

Defendant, Bernard Gyden, appeals the trial court's denial of his petition for habeas corpus. We decline to consider Defendant's Petition as a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 because Defendant is not alleging a sentencing error or miscalculation. Rather, Defendant is attacking the legality of the crimes to which he was convicted.

Pursuant to Florida Rule of Criminal Procedure 3.850, this motion should have been filed no more than two (2) years after the judgement and sentence became final. This two-year time limitation for post-conviction motions cannot be circumvented by the filing of a petition for writ of habeas corpus. See Jamison v State, 73 So. 3d 317, 318 (Fla. 1st DCA 2011); Collins v. State, 859 So. 2d 1244, 1257 (Fla. 5th DCA 2003). The two-year period ran from March 10, 2016 (30 days after the Third District Court of Appeal affirmed the appeal), to March 10, 2018.

Second, courts have agreed that habeas corpus proceedings may not be used to provide the petitioner with an additional appeal regarding issues or claims that could have, or were, raised on appeal or in a 3.850 motion. See Hunter v State, 817 So. 2d 786, 798 (Fla. 2002); Collins, 859 So. at 1246. In this case, the motion is not only time-barred, but it can also be deemed as successive under Florida Rule of Criminal Procedure 3.850(o).

2

The issues raised in the Petition have already been previously addressed, specifically in the Defendant's initial appeal.

Affirmed.